# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

ANGELA J. TORRES,

          Plaintiff,

v.

KOHN LAW FIRM S.C.,

          Defendant.

Case No. 2:20-cv-00318-JPS

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, ANGELA J. TORRES, through undersigned counsel, complaining of Defendant, KOHN LAW FIRM S.C. as follows:

## NATURE OF THE ACTION

1. Plaintiff is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*; and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. ANGELA J. TORRES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Berlin, Wisconsin.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

7. KOHN LAW FIRM S.C. ("Defendant") is a service corporation organized and existing under the laws of Wisconsin.

8. Defendant has a principal place of business at 735 North Water Street, Suite 1300, Milwaukee, Wisconsin 53202.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0387.

13. At all times relevant, Plaintiff's number ending in 0387 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Plaintiff borrowed money from World Acceptance Corporation d/b/a World Finance Corporation of Wisconsin.

16. Plaintiff's loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Plaintiff defaulted on this loan.

18. Plaintiff's loan was referred for collection.

19. On February 4, 2019, Defendant obtained Default Judgment against Plaintiff on behalf of World Finance Corporation of Wisconsin.

20. Unable to be garnished, Plaintiff started to receive phone calls from Defendant.

21. On numerous occasions, Plaintiff answered, was met by clear pause, and was forced to say "*Hello, Hello, Hello*" prior to being connected to Defendant's representative

22. Other times, Plaintiff answered and the call quickly dropped.

23. Feeling harassed, Plaintiff instructed Defendant to stop calling.

24. Unfortunately, Plaintiff continues to receive phone calls from numbers leading back to Defendant – (414) 276-0435.

25. All in all, Plaintiff received no less than 15 *unconsented-to* phone calls from Defendant despite Plaintiff's request(s).

26. Defendant's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of concentration, nuisance, stress, and wasted time.

27. Moreover, Plaintiff's son has received phone calls from Defendant looking for Plaintiff.

28. Concerned, Plaintiff's son informed Plaintiff of these phone calls.

29. Absolutely humiliated, Plaintiff felt violated.

30. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

31. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692b

33. Section 1692b provides:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

15 U.S.C. § 1692b(3).

34. Defendant violated 15 U.S.C. § 1692b(3) by communicating with Plaintiff's son more than once.

### Violation(s) of 15 U.S.C. § 1692d

35. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

36. Defendant violated 15 U.S.C. § 1692d by phoning Plaintiff's son on numerous occasions.

37. Defendant violated 15 U.S.C. § 1692d(5) by continuously or repeatedly calling Plaintiff after being asked to cease. *See Chiverton v. Federal Financial Group, Inc*., 399 F. Supp. 2d 96 (D. Conn. 2005) (finding that repeated calls after the consumer had asked debt collector to stop calling amounted to harassment).

38. The phone calls at issue were intended to be annoying, abusive, or harassing.

39. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692b(3), d and d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2) 

 (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692b(3), d and d(5);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

5

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Defendant placed or caused to be placed no less than 15 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

42. Upon information and belief, based on the "clear pause" Plaintiff experienced on multiple occasions, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

43. Upon information and belief, based on the frequency of dropped phone calls, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

44. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

45. Upon information and belief, the ATDS employed by Defendant terminates the call if no such live representative is available.

46. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

47. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

48. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

49. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 9, 2020                                          Respectfully submitted,

**ANGELA J. TORRES**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com